**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

      Plaintiff,

v.                             Criminal Case No. 20-20549

Jeremy Barnier,             Sean F. Cox
                               United States District Court Judge

      Defendant.

_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Jeremy Barnier ("Defendant") was convicted of drug offenses and was sentenced to a total of 97 months of imprisonment. The matter is currently before the Court on  Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19").  The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs.  As explained below, the Court shall DENY the motion.

**BACKGROUND**

In this criminal case, Defendant pleaded guilty to Possession with Intent to Distribute a Controlled Substance (at Least 500 grams of Methamphetamine), in violation of 21 U.S.C. § 841(a)(1) (Count 1) and Possession with Intent to Distribute a Controlled Substance (Cocaine), in violation of 21 U.S.C. § 841(a)(1) (Count 2).

This Court sentenced Defendant on November 3, 2021, and imposed a sentence of 97 months on Counts 1 and 2, be served concurrently.  (*See* 11/9/21 Judgment, ECF No. 43).

A few months later, on January 12, 2022, Defendant filed his *pro se* Motion for

Compassionate Release.  (ECF No. 44).  Defendant is a 45 year-old white male.  His motion

contends that the COVID-19 pandemic, combined with his alleged health conditions (asthma,

hypertension, anemia, and being overweight), constitutes an extraordinary and compelling

reason for his immediate release from prison.

The Government opposes Defendant's motion on the merits.  It notes that Defendant is

now fully vaccinated and that Defendant's health conditions were known to the Court when it

sentenced Defendant.  The Government asserts that Defendant "also faces another hurdle to his

claim that his medical issues affect his safety:

> [H]e does not comply with medical advice.  First, his asthma, cardiac issues,
> severe obesity and hypertension were known to the sentencing judge at the time
> of his initial sentence. (PSR ¶ ¶ 52 and 57). Since incarceration, Barnier has been
> diagnosed as prediabetic (Ex. 3 – 2021 BOP Medical Records, p. 94 of 136).
> Additionally, Barnier has gained 15 pounds since the preparation of his PSR and
> his most recent recorded weight was 442 lbs. (*Id.* at p. 65 of 136). Barnier's
> weight gain is partially the result of his indulgence in junk food and sweets.
>         A review of the commissary records for Barnier reveal that for his seven
> commissary visits between November 1, 2021 and January 25, 2022 Barnier
> purchased a host of various candy, cookie and salty snack items. (Ex. 5 – BOP
> Commissary history – Nov. 2021 – Jan 2022).  In turn, supplementing his diet
> with high sugar and carbohydrates only aggravates his obesity and prediabetic
> conditions. If Barnier is unwilling to work at improving his physical health to
> safeguard against any additional risk if he contracted COVID-19, he is unlikely to
> do so outside the prison setting. In turn, his claim that he fears repercussions from
> COVID-19 contraction should be carefully scrutinized.

(Govt.'s Br. at 6-7).  The Government further asserts that the motion should be denied because a

consideration of the § 3553(a) factors weighs against release in this case in any event.

### ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to

reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances.

18 U.S.C. § 3582(c)(1)(A)."  *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov.

20, 2020). As recently summarized by the Sixth Circuit:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie,* __ F.4th __, 2022 WL 221539 at *2 (6th Cir. 2022).

Here, Defendant argues that his request for compassionate release should be granted because the ongoing pandemic, combined with his medical conditions, constitutes an extraordinary and compelling circumstance.

This Court continues to agree with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

And notably, Defendant has been fully vaccinated. This Court concludes that Defendant's incarceration during the pandemic – when he has been fully vaccinated – does not

present an "extraordinary and compelling" reason warranting a sentence reduction in this case. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir.  2021).

Moreover, Defendant's health conditions *are not new developments*; these facts were before this Court at the time of Defendant's sentencing on November 3, 2021.  "[F]acts that existed at the time of sentencing do not constitute an extraordinary and compelling reason warranting a subsequent sentence reduction."  *McKinnie, supra*, at *3.

Accordingly, this Court concludes that Defendant has not established "extraordinary and compelling" reasons for a sentence reduction.

This Court also believes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event.  *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offenses weigh against his release. Defendant was convicted of serious drug offenses and Defendant has a criminal history. Defendant's long remaining sentence also weighs heavily against his release.  This is because the original sentence imposed by this Court – less than four months ago –  reflects this Court's evaluation of the need to provide just punishment and the need to promote respect for the law.

This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant.  In sum, this Court concludes that Defendant is not an appropriate

candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for

Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  March 24, 2022