UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Criminal Case No. 20-20549

JEREMY BARNIER,                Sean F. Cox
                                                 United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER ON DEFENDANT'S REQUEST REGARDING HALFWAY HOUSE TIME

This criminal case is currently before the Court on Defendant's *pro se* motion, wherein he seeks a judicial recommendation that he be considered for extended "halfway house" placement. For the reasons below, the Court DENIES the motion and defers to the discretion of the Federal Bureau of Prisons.

## BACKGROUND

In this criminal case, Defendant Jeremy Barnier ("Defendant") pleaded guilty to Possession with Intent to Distribute a Controlled Substance (at Least 500 grams of Methamphetamine), in violation of 21 U.S.C. § 841(a)(1) (Count 1) and Possession with Intent to Distribute a Controlled Substance (Cocaine), in violation of 21 U.S.C. § 841(a)(1) (Count 2). This Court imposed a sentence of 97 months on Counts 1 and 2, be served concurrently. (*See* 11/9/21 Judgment, ECF No. 43). He is currently serving that sentence.

On August 9, 2024, Defendant filed a *pro se* motion wherein he requests that this Court make a recommendation that he be placed in Residential Re-Entry Center / "halfway house" for the maximum length of twelve months. (ECF No. 59).

The Government opposes the motion, asserting that the Bureau of Prisons ("BOP") is in the best position to make determinations regarding Defendant's placement.

## ANALYSIS

The BOP may place an inmate in a halfway house for no longer than twelve months at the end of his sentence. 18 U.S.C. § 3624(c)(1); *see also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). The BOP determines penal facility placement based on several factors, including statements made by the sentencing court. *United States v. George*, 2018 WL 2148179 at *2 (E.D. Mich. 2018) (citing 18 U.S.C. § 3621(b)). While a court may make a non-binding recommendation for placement in a halfway house, the BOP has the exclusive authority to determine if an inmate should be placed there and, if so, for how long. 18 U.S.C. § 3621(b); *see United States v. Caudle*, 2019 WL 5086422 at *2 (N.D. Ohio 2019).

Here, Defendant asks the Court to recommend that he be placed in a halfway house because he is forty-eight years old and "young enough to be reformed." (Def.'s Br. at 3). Defendant asserts that having the maximum amount of time in a halfway house would allow him to address issues such as the behavior that led to his convictions, allow him time to find employment, and address his various health conditions.

This Court concludes that the BOP has the most complete and accurate information regarding the all of the relevant factors, including the resources of the facility contemplated, and the history and characteristics of the prisoner, to make an individual determination regarding the timing and length of Defendant's placement.

## CONCLUSION & ORDER

For these reasons, Defendant's motion requesting a judicial recommendation concerning

the length of halfway house placement is DENIED.

    IT IS SO ORDERED.

                      s/Sean F. Cox
                      Sean F. Cox
                      United States District Judge

Dated: October 28, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 28, 2024, by electronic and/or ordinary mail.

                      s/Jennifer McCoy
                      Case Manager