UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEREMY BARNIER,<br><br>  Defendant. | Case No. 20-cr-20549<br><br>Honorable Robert J. White |

## ORDER DISMISSING MOTION FOR RELEASE

Before the Court is Defendant's *pro se* post-conviction motion for release from federal custody. (ECF No. 64).  Defendant specifically asks the Court to "apply [his] earned FSA [First Step Act] credits to [his] sentence so [he] can be release[d] from [federal] custody." (ECF No. 64, PageID.470).  Notably, Defendant fails to state whether he has already sought administrative relief with the Bureau of Prisons concerning this request.  For the following reasons, the Court dismisses the motion.

Importantly, a habeas petition under 28 U.S.C. § 2241 is the appropriate vehicle for "claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  Ultimately here, because (1) Defendant is proceeding *pro se*; (2) his current motion lacks any stated legal basis for his request, which properly should be raised in a habeas petition; and (3) successive habeas petitions are generally prohibited except under

limited circumstances,[1] the Court dismisses Defendant's motion for release; he may instead file a proper habeas petition in the first instance if warranted by the applicable facts and law. *See Goforth v. Collins*, No. 87-5802, 1988 U.S. App. LEXIS 4508, at *2 (6th Cir. Apr. 8, 1988) (unpublished) ("the district court should dismiss this [§ 1983] action without prejudice to the plaintiff's opportunity to refile his § 1983 claims if he establishes, through a petition for a writ of habeas corpus, that his constitutional rights have been violated"); *In re Shelton*, 295 F.3d 620, 621-22 (6th Cir. 2002) (describing the harm to *pro se* parties when post-conviction motions are construed as a habeas petition without warning and an opportunity to withdraw); *see also United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992) ("post-conviction motion asking for sentence credit" dismissed because "the issue [wa]s not ripe for decision" by a district court until administrative remedies were exhausted).

For the reasons given, the Court **ORDERS** that the motion for release (ECF No. 64) is **DISMISSED**.

Dated: March 12, 2026                    s/Robert J. White
                                         Robert J. White
                                         United States District Judge

---

[1] *See Pena v. Gomez*, No. 20-6281, 2021 U.S. App. LEXIS 13425, at *3 (6th Cir. May 5, 2021) (unpublished) ("A district court may decline to consider a successive § 2241 habeas petition."), *reh'g den* 2021 U.S. App. LEXIS 19484 (6th Cir. Jun. 29, 2021) (en banc); *see also* 28 U.S.C. § 2244(a).